GEORGE TRUESDALE, RESPONDENT, *v.* THE CITY OF ROCHESTER, APPELLANT.

*City of Rochester — power of the common council to alter the salary of a police justice —*
*1880, chap. 14, secs. 45, 48 and 64 — the objections of the mayor must be accompa-*
*nied by his reasons — Constitution, art. 3, sec. 24 — the increase of an officer's salary*
*is not an extra compensation.*

The plaintiff's term of office as police justice of the city of Rochester expired
on the first Monday of April, 1881. On May 18, 1880, the common council
passed a resolution raising the salary of that office from $2,250 to $2,500 a
year. On May twenty-first the resolution was presented to the mayor, who
returned it on the twenty-seventh with an indorsement stating that he approved
the proceedings of the common council with the exception of that portion
which fixed the salary of the police justice at $2,500, to which he objected.
On June first he sent a message to the clerk giving his reasons for objecting to
the increase of salary.

*Held,* that the failure of the mayor to state his reasons for disapproving the reso-
lution, as required by section 48 of chapter 14 of 1880, rendered his objection
thereto unavailing, and that the resolution took effect at the expiration of five
days from the time it was presented to him.

That the common council had power, under the provisions of the charter (secs. 45
and 64 of chap. 14 of 1880), to fix and alter the salary of a police justice from
time to time during the term for which he was elected, provided the salary was
not diminished during the then current year.

That the increase of the salary for the remainder of the term for which the
plaintiff had been elected, did not violate the provisions of section 24 of arti-
cle 3 of the Constitution, prohibiting the common council from granting extra
compensations to any public officer.

APPEAL from a judgment of the Monroe County Court, affirming
judgment in favor of the plaintiff of the Municipal Court of the
city of Rochester.

*John R. Fanning,* for the appellant.

*George Truesdale,* for the respondent.

BRADLEY, J.:

The plaintiff was police justice of the city of Rochester for the
term of four years ending with the day preceding the first Monday
of April, 1881, when the term of his successor commenced. Prior
to May 18, 1880, the plaintiff's annual salary had been less than
$2,500. On that day the common council of the city made determ-

ination by ordinance or resolution that the salary of the police justice be $2,500, which was presented to the mayor of the city for his approval on the 21st day of May, 1880, and on the twenty-seventh day of the same month he returned it to the clerk of the common council with a statement subscribed by him annexed as follows : " I hereby approve the foregoing proceeding of the common council, with the exception of that portion which fixes the salary of the police justice at $2,500, and to which I object." And afterwards and prior to June first a message of the mayor, bearing date May twenty-eighth, was sent by him to the clerk giving his reasons for disapproval of such increase of salary. The treasurer paid the salary of the plaintiff, as police justice, at the rate $2,250 for the last year, that being the amount fixed as the salary by the common council April 20, 1880. The plaintiff claiming that he was entitled to salary at the rate of $2,500, demanded further pay-ment July 14, 1881, which was refused by the treasurer. And this action is brought to recover it.

The trial court held that he was entitled to the increase of salary from the time the determination was made to raise it to $2,500, with interest from the time of the refusal of the treasurer to pay it. On the part of the appellant it is contended: 1. That the salary having been fixed on April twentieth for the municipal year at $2,250, the common council had not the power to increase it. 2. That the mayor's veto was effectual to defeat the operation of the resolution of 18th May, 1880, increasing the salary. 3. That the attempt to thus change the salary was unconstitutional. The charter of the city makes the municipal year and the terms of its officers commence on the first Monday of April (Laws 1880, chap. 14, §§ 8, 21, 45), and directs that the common council shall annually determine the salary of police justice and other officers named, which shall not be diminished during the then current year, (Id., § 45), and that the police justice shall not be entitled to receive any fees " but shall receive in full compensation for his services an annual salary to be fixed from time to time by the common council." (Id., § 64.) The legislative power of the common council is only such as is given by the statute. Their power and duty are to determine annually the salary of the office in question. The inquiry arises whether when having done that, their power is for

that year in that respect exhausted. When the provision was inserted in the charter that they should not diminish, during the current year, the salary fixed, it would seem by fair implication to indicate the power to increase during that period, to which some force might be imparted in that direction by the provisions of section 64 before mentioned, and together it would seem that complete legislative power on the subject of salary of this officer was vested in the common council, subject only to the limitation that they should not diminish it during the current year. The relation between the city and its officer is in no sense that of contracting parties in respect to compensation, nor is the accepting or holding public office a contract with the government or municipality so as to afford any vested right in either relating to salary. The officer has no property in the office in the nature of a grant. It is a public trust with its duties imposed wholly by law, and except so far as restricted by constitutional or statute law, power may be vested and exercised to increase or diminish his compensation at pleasure. (*Conner* v. *City of N. Y.*, 2 Sandf., 355; S. C., 5 N. Y., 285; *Mc Veany* v. *The Mayor*, 80 id., 185, 190; *Butler* v. *Pennsylvania*, 10 How. [U. S.], 402.)

The mayor was vested with power to veto the resolution referred to. The charter provides that before any such resolution shall have any force or effect, it shall be presented to him for his approval, and "if he approves he shall indorse his approval thereon in writing; * * * if he disapproves he shall return such transcript to the common council or the clerk thereof, *with his objections and reasons for disapproval, in writing*" (Laws 1880, chap. 14, sec. 48); "and if any such transcript, with such objections and reasons, shall not be returned by the mayor to the common council or clerk within five days after the transcript shall have been presented to him (Sundays excepted), such ordinance, resolution, order or act shall have full force and effect in like manner as if duly approved by the mayor." (Id.)

This resolution was returned with his disapproval within the time prescribed (one Sunday intervening), but the reasons for disapproval did not then go with it, and were not in fact given until after the expiration of the five days. The legislative power to the extent conferred is in the common council, and the requirement

which enables the mayor to approve or disapprove is not to defeat but to check municipal legislation deemed by him hasty or unwise, by returning the measure to the same body for reconsideration, where, notwithstanding the objections of the executive, still exists the power to enact it by the votes of two-thirds of its members. (Id.)

This duty and power of the mayor to be effectual must be exercised in the time and manner prescribed. The framers of the charter evidently deemed his reasons for his objection as essential as the objection itself, and required that they should accompany its return and be given within the time limited. The failure to do this permitted the ordinance to become effectual, and it was then a subsisting enactment. (*Harpending* v. *Haight*, 39 Cal., 189 ; S. C., 2 Am. R., 432.)

The constitutional provision that the common council shall not grant any extra compensation to any public officer (Const., art. 3, § 24) is not in the way of this resolution. No extra compensation was provided for or authorized by it. The salary unearned by the officer was fixed by this enactment. No application was made of it in the court below to the served portion of the year. There is nothing in the charter of the defendant entitled to a construction requiring that the salary of the police justice shall be uniform during the entire year. The common council are required to annually determine the salary, not the annual salary to be paid, etc. (Sec. 45.) And the police justice shall receive an annual salary to be fixed from time to time. (Sec. 64.) The import of this is not that his salary must be uniform through the year, but that his compensation shall be a fixed one, termed salary, and that shall be determined by the constituted authority designated as in its judgment the character, amount and value of the official services may from time to time require:

No question of public policy seems to intervene to interrupt or defeat this construction of the statute ; and no reason now occurs to us for denial of the claim awarded to the plaintiff by the judgment of the Municipal Court.

The judgment of the County Court should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed.